UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MARQUIS B. WEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV622-066 |
| ) | |
| ATTORNEY GENERAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* prisoner Marquis B. West is familiar to this Court. The Court has already noted that "he is subject to the 'three strikes' provision, found at 28 U.S.C. § 1915(g)." *See West v. Olens*, CV616-038, doc. 12, at 3 (S.D. Ga. May 16, 2016). The instant Complaint appears to challenge proceedings in two cases that were dismissed in 2006 and 2008. *See* doc. 1 at 2; *see also West v. Higgins*, CV606-083, doc. 157 (S.D. Ga. Mar. 4, 2008) (Judgment), doc. 197 (S.D. Ga. Oct. 23, 2008) (Court of Appeals' Order dismissing appeal); *West v. Warnock*, CV605-047, doc. 111 (S.D. Ga. Apr. 5, 2006) (Judgment), doc. 123 (S.D. Ga. Oct. 6, 2006) (Court of Appeals' Order dismissing appeal as frivolous). He paid the Court's filing

1

fee. *See* docket entry dated Sept. 8, 2022. He also moved for preliminary injunctive relief. Doc. 3.

First, West's Complaint was not submitted on the form complaint available to prisoners and *pro se* plaintiffs. *See* doc. 1. In *Williams v. Freesemann*, 2015 WL 6798946 at * 1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and exhaustion of administrative remedies. *See, e.g., Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015). Although West's payment of the filing fee and the subject matter of his Complaint suggest that those questions may not be directly relevant here, the form also provides structure that may clarify the ambiguities in his claims, discussed below. The Court will, therefore, require him to submit the amendment, discussed more fully below, on the Court's standard form.

Regardless of the form of West's Complaint, and despite his payment of the filing fee, the Court must screen it pursuant to 28 U.S.C. § 1915A. Because the Court applies Federal Rule of Civil Procedure

12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Amended Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As West is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

West's Complaint alleges that two attorneys, Andrew M. Magruder and Deana S. Johnson, apparently representing prison employees in prior litigation, "committed fraud on the Court" in *West v. Higgins* and *West v. Warnock*, cited above. *See* doc. 1 at 2. He alleges that those attorneys "allow[ed] their clients, the defendants in said cases, [to] fraudulently provide answers to interrogatories in direct violation to [sic] the Federal Rules of Civil Procedure and directed that fraud at the judicial machinery by remaining silent in violation of their Oath of Office and Professional Ethics Codes for lawyers." *Id.* The exact nature of his legal claim is somewhat vague. *See id.* at 3-9. He asserts violations of

the Federal Rules of Civil Procedure and the Georgia Rules of Professional Conduct. *See id.* at 5-6. He requests "sanctions and damages," but he also requests "relief from [the] judgments," in the two cases. *Id.* at 9. The request for relief from the judgments, the references to "fraud on the court," *see, e.g., id.* at 2, and the title of his pleading as an "independent action," *see id.* at 1, strongly suggest that this action is submitted pursuant to Federal Rule of Civil Procedure 60(d)(1), though that Rule is never specifically invoked.

Even charitably construed, West's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1). "Although the issue has not been addressed by the Eleventh Circuit, other courts have determined that the Federal Rules of Civil Procedure do not create a private right of action." *Jones v. People's Choice Home Loan*, 2009 WL 10712049, at *10 (N.D. Ga. July 13, 2009) (collecting cases). Similarly, "there is no private right of action based on the violation of the [Georgia] Rules of Professional Conduct." *Bruce v. Home Bridge Fin. Servs., Inc.*, 2019 WL 5322554, at *16 (N.D. Ga. July 10, 2019) (citing, *inter alia.*, Ga. Rules of Prof. Conduct, Scope ¶ 18). Although the Court cannot discern that he asserts a claim under 42 U.S.C. § 1983, any such claim arising

4

from events in 2008, at the latest, would appear time-barred. *See, e.g., Butt v. Zimmerman*, 2022 WL 5237916, at *1 (11th Cir. Oct. 6, 2022). Finally, any state-law claims, including fraud, would also appear time-barred, *see, e.g., Deverze v. Uber Techs., Inc.*, 2021 WL 1053641, at *5 (N.D. Ga. Feb. 4, 2021) (citing O.C.G.A. § 9-3-31) ("In Georgia, the statute of limitations for fraud claims is four years."), even assuming that there is any basis for the Court's subject-matter jurisdiction over such claims, *see, e.g., Nappy v. Brittany Estates Grp. LLC*, 2018 WL 739068, at *5 (N.D. Fla. Jan. 3, 2018).

Given the indications in his Complaint, the most plausible construction is that he seeks to bring an "independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). So construed, he still fails to state a claim. To the extent that he seeks to maintain an action pursuant to Rule 60(d)(1), he does not allege a "grave miscarriage of justice."[1] *See, e.g., Rease v. Harvey*, 2011 WL 13238501, at *2 (N.D. Ga.

---

[1] West should be familiar with the standard for independent actions under Rule 60(d). The Court previously dismissed a strikingly similar claim in 2016. *See Olens*, CV616-038, doc. 12 at 3-4 (S.D. Ga. May 16, 2016). He is advised that filing repetitive claims is sanctionable conduct. *See, e.g., Brewer v. United States*, 614 F. App'x 426, 427-28 (11th Cir. 2015) (recognizing the court's authority and responsibility to protect against vexatious filings and listing some "reasonable measures that a court may

Feb. 11, 2011)(noting the Supreme Court's admonition that "an independent action should be available only to prevent a grave miscarriage of justice," citing *United States v. Beggerly*, 524 U.S. 38, 47 (1998)); *Gottlieb v. Sec. & Exch. Comm'n*, 724 F. App'x 925, 926-27 (11th Cir. 2018) (affirming dismissal because plaintiff's "allegations, generously construed, do not state a claim for a Rule 60(d)(1) action . . ."). As this Court has explained, Rule 60(d)(3) "allows a judgment to be set aside for fraud on the court," but "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Favors-Morrell v. Mnuchin*, 2017 WL 3000021, at *1 (S.D. Ga. June 30, 2017) (internal quotation marks and citation omitted). West's allegations concerning "fraudulent affidavits," doc. 1 at 2, are largely conclusory,[2] and do not obviously rise to the level of "fraud on the

---

employ to curtail repetitive and vexatious litigation . . . ."). Upon his submission of his Amended Complaint, the Court will consider whether the claims he seeks to assert here are repetitive of any of the similar claims he as previously asserted and, if so, what remedies are appropriate.

[2] The exact nature of the "fraud" allegedly contained in the affidavits is not clear. At one point, West suggests that the defects in the affidavits concerns "court rules requiring [e]xpert testimony noy laymens [sic] to be provided to the court." Doc. 1 at 3. Arguably inadmissible of testimony, however, does not obviously rise to the level of "fraud."

6

court." *See Hunt v. Nationstar Mortg, LLC*, 779 F. App'x 669, 671 (11th Cir. 2019) ("nondisclosure to the court of facts allegedly pertinent to the matter before it[ ] will not ordinarily rise to the level of fraud on the court.").

Since West's Complaint fails to state any claim upon which relief may be granted, it is subject to dismissal. 28 U.S.C. § 1915A(b)(2). Given the ambiguities in his pleading, however, the Court will afford him an opportunity to amend it. *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend before the court dismisses the action.").

Even though West is permitted an opportunity to amend his Complaint, his request for preliminary injunctive relief should be **DENEID**. Doc. 3. Although the Court is dubious that West has satisfied the substantive requirements for issuance of a preliminary injunction or a temporary restraining order, *see* Fed. R. Civ. P. 65, the more fundamental problem with his request is that it seeks relief against non-parties. As discussed above, the named defendants in this action are two attorneys, Andrew Magruder and Deana Johnson. *See also* doc. 1. His

Motion, however, seeks injunctive relief against "the Mental Health Management Contractors and Georgia Department of Corrections." *See* doc. 3 at 4. However, "[t]he Court lacks subject matter jurisdiction to issue an injunction against a non-party." *Dipietro v. Lockhart*, 2022 WL 17588299, at *1 (M.D. Ga. July 5, 2022). "A temporary restraining order is a type of injunction that can be issued without notice to the restrained party and is intended to preserve the status quo until a preliminary injunction hearing can be held." *King v. Thomas*, 2018 WL 5085761, at *1 (W.D.N.C. Oct. 18, 2018). The Court, therefore, lacks subject matter jurisdiction to issue West's requested injunction. His Motion should, therefore, be **DENIED**. Doc. 3.

In summary, West must submit an Amended Complaint, using the standard form, and addressing the issues discussed above. He is **DIRECTED** to submit his Amended Complaint no later than February 10, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him blank copies of Form Pro Se 1 (Complaint for a Civil Case) and Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). West is advised that his amended complaint will supersede the current operative complaint and therefore must be

complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). West is further advised that failure to timely submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b). Since his Motion for Temporary Restraining Order and Preliminary Injunction seeks relief against non-parties, it should be **DENIED**. Doc. 3.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND REOMMENDED**, this 11th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA