UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MARQUIS B. WEST,                          )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )          CV622-066
                                          )
ATTORNEY GENERAL, *et al.*,               )
                                          )
            Defendants.                   )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 4), to which West has filed objections, (doc. no. 6). Although West objected to the Report and Recommendation, he largely ignored the fact that the recommendation was limited to a denial of his request for a temporary restraining order or preliminary injunction. (See doc. no. 4 at 7-8; see generally doc. no. 6.) Since the Magistrate Judge's recommendation concerning that relief is correct, the Report and Recommendation is **ADOPTED**. (Doc. no. 4.) West's Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED**. (Doc. no. 3.)

Although the Report and Recommendation did not recommend immediate dismissal of West's Complaint, it explained that it failed to state a claim upon which relief can be granted. (Doc. no. 4 at 4-7.) The Magistrate Judge directed West to file an Amended Complaint to address the deficiencies identified. (Id. at 8-9.) West was expressly advised that failure to submit that amendment could result in dismissal of his case. (Id. at 9 (citing Fed. R. Civ. P. 41(b)).) West did not comply with that Order. The Court might, therefore, dismiss his Complaint for his failure to comply. However, as

discussed below, his recent filings show that, notwithstanding his procedural failure, his claim is meritless. Further proceedings would only waste more judicial resources. For the reasons explained below, therefore, his Complaint, as supplemented by the allegations in his subsequent filings, is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

The Report and Recommendation explains that West alleges that two attorneys representing prison employees in prior litigation committed "fraud on the court." (Doc. no. 4 at 3.) The Magistrate Judge noted that, as presented in his original Complaint, "[t]he exact nature of his legal claim is somewhat vague." (Id.) The Magistrate Judge considered several possible legal theories, concluding that "the most plausible construction is that [West] is seeking to bring an 'independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or 'set aside a judgment for fraud on the court,' Fed. R. Civ. P. 60(d)(3)." (Id. at 5.) The Magistrate Judge found that, so construed, West failed to state a claim because he "does not allege a 'grave miscarriage of justice.'" (Id. at 5-6 (citing Rease v. Harvey, 2011 WL 13238501, at *2 (N.D. Ga. Feb. 11, 2011)).) He found that the allegations in the original complaint concerning "fraudulent affidavits," (doc. 1 at 2), are "largely conclusory," (doc. no. 4 at 6), because the "exact nature of the 'fraud' allegedly contained in the affidavits is not clear," (id. at 6 n. 2).

West has responded to the Report and Recommendation with two documents. (See docs. 5 & 6.) The first document requests the Court take "judicial notice of adjudicated facts." (Doc. 5 at 1.) The second objects to the Report and Recommendation. (Doc. 6.) The Court has reviewed both documents, and neither is sufficient to support

West's claims.  In fact, to the extent that they clarify West's allegations, they show that his claims are meritless.

West's Objection to the Report and Recommendation takes issue with the Magistrate Judge's description of his litigation history and attempt to construe his filing. (See doc. 6 at 1-5.)  The Objection does clarify West's contention that his claims are asserted under Rule 60(d)(3).  (See id. at 2.)  His substantive objection is that the Magistrate Judge "reframed [presumably, 'refrained'] from discussing the merits of [his] claims . . . ," concerning evidence of misconduct in the underlying cases.  (Id. at 5.)  However, as discussed above, the Magistrate Judge did consider his allegations and found them "largely conclusory."  (See doc. no. 4 at 6.)  To the extent that West disputes that conclusion, and has submitted additional "evidence," that "evidence" is more fully presented in West's "Request for Judicial Notice," (doc. no. 5), and discussed below.

West's request for judicial notice includes a detailed recitation of his claims' complicated procedural history.  It begins with two cases, West v. Warnock and West v. Higgins, filed in this Court in 2005 and 2006, respectively.  See Warnock, CV605-047, doc. 1 (S.D. Ga. May 31, 2005); Higgins, CV606-083, doc. 1 (S.D. Ga. Sept. 5, 2006). Defendants' Motions for Summary Judgment were granted, and judgment entered, in 2006 and 2008, respectively.  See CV605-047, doc. 110 (S.D. Ga. Apr. 5, 2006) (Order granting summary judgment), doc. 111 (S.D. Ga. Apr. 5, 2006) (Judgment); CV606-083, doc. 156 (S.D. Ga. Mar. 4, 2008) (Order granting summary judgment), doc. 157 (S.D. Ga. Mar. 4, 2008) (Judgment).  "[I]n May of 2013 [West] submitted a motion for relief from judgment and a motion for reconsideration on these issues with the Eleventh Circuit . . . . The motions detailed all of the above [description of the alleged misconduct], yet the Circuit Court decided to deny both motions on the grounds that they were out of time and

did not show substantial injustice." (Doc. no. 5 at 9.) West then proceeds to argue that the Court of Appeals' disposition was erroneous. (Id.) Subsequently, West "filed a petition for a writ of certiorari with [the Supreme Court of the United States], reiterating [his] arguments . . .," including this Court and the Court of Appeals "refusing to act on plain and undisputed evidence of fraud on the court . . . ." (Id. at 14.)

The Court also notes that it has previously dismissed virtually identical allegations, asserted pursuant to Rule 60(d)(3), in 2016. See West v. Olens, CV616-038, doc. 12 at 1-4 (S.D. Ga. May 16, 2016), adopted doc. 14 (S.D. Ga. Aug. 1, 2016). Since it appears that West's claims of fraud in the underlying cases have been fully litigated the instant case might be dismissed as an improper attempt to relitigate those earlier decisions. Much of the remainder of West's "Request for Judicial Notice" details the multiple prior cases West has pursued, all of which have sought to relitigate the allegedly erroneous outcome of his earlier cases. (See doc. 5 at 11-17.)

The Eleventh Circuit has clearly held that "[t]he 'law of the case' doctrine establishes that the conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or later on appeal." Lustig v. Stone, 813 F. App'x 461, 462 (Mem.) (11th Cir. 2020) (internal quotation marks and citation omitted); see also 800 Servs., Inc. v. AT&T Corp., 822 F. App'x 98, 100 (Mem.) (3d Cir. 2020) ("A Rule 60 motion is not a way to present new merits arguments based on evidence that was in the record," in the underlying case); Armatas v. Maroulleti, 690 F. App'x 731, 732-33 (Mem.) (2d Cir. 2017) (finding "motion to vacate for fraud on the court," pursuant to Rule 60(d)(3) was frivolous because the Court of Appeals "repeatedly rejected [movant's] contentions of fraudulent and fabricated evidence on his first appeal, and the district court has done so as well."). "In addition, the plaintiff cannot use an

independent action as a vehicle for the relitigation of issues. [']Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.'" Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) (quoting Bankers Mortg. Co. v. United States, 423 F.2d 73, 79 (5th Cir. 1970)). Cf. DeBose v. USF Bd. of Trs., 844 F. App'x 99, 102 (11th Cir. 2021) ("We thus apply [the] same standard to our review of [a] Rule 60(d)(3) motion, which, like Rule 60(b)(3), concerns 'fraud on the court.'"). As the United States District Court for the District of New Jersey has succinctly stated: "[A]ttempts to use Rule 60(d)(3) as a vehicle for disagreement with previous decisions, . . . pull[ ] the wool over no one's eyes." Fink v. Bishop, 2021 WL 3616157, at *4 (D.N.J. Aug. 16, 2021). West's persistent and repetitive attempts to relitigate evidentiary rulings in his 2016 cases are no more compelling.[1]

The Court need not rely exclusively on preclusion to dispose of West's case, however. Precluded or not, it is meritless. As discussed above, West alleges that opposing attorneys in his prior cases filed misleading, or positively perjurious, affidavits. Even assuming that those allegations were true, and that his claims were not precluded by the (multiple) prior dispositions, they are not sufficient to support an independent action.

_____

1 West's filings do not explain his apparent contention that this Court is empowered to provide relief when the Supreme Court of the United States has denied it. (See doc. 5 at 14-15 (listing the issues raised in a petition for certiorari, including "[a] court refusing to act on plain and undisputed evidence of fraud on the court,").) He contends that, by denying certiorari, "the . . . justices violated their oaths of office by allowing the perpetration of fraud to stand." (Id.) Even if the Court credited West's frankly ludicrous assertion, the Supreme Court's determination of an issue is absolutely final. Cf. Brown v. Allen, 344 U.S. 443, 540 (1953) (Jackson, J. concurring) ("We are not final because we are infallible, but we are infallible only because we are final.").

"The mere nondisclosure of allegedly pertinent facts does not ordinarily rise to the level of fraud on the court." Gupta v. U.S. Atty. Gen., 556 F. App'x 838, 840-41 (11th Cir. 2014). Even perjury by a defendant does not constitute fraud upon the court. Gore, 761 F.2d at 1551; Great Coastal Exp., Inc. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1357 (4th Cir. 1982) ("[C]ourts confronting the issue have consistently held that perjury or fabricated evidence are not grounds for relief as 'fraud on the court.'"). "Perjury is an intrinsic fraud which will not support relief from judgment through an independent action." Gore, 761 F.2d at 1552 (citing United States v. Throckmorton, 98 U.S. 62 (1878)). "Under the Throckmorton doctrine, for fraud to lay a foundation for an independent action, it must be such that it was not in issue in the former action nor could it have been put in issue by the reasonable diligence of the opposing party." Id. (citing Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 425 (1923)). The Court of Appeals has found that allegations that an attorney who represented the United States Securities and Exchange Commission committed fraud on the court by making "false statements, submit[ing] false documents, suborn[ing] perjury, and withh[olding] information from the court," amounted to "an attempt to relitigate the unfavorable [prior] judgment," and "[t]he district court properly dismissed [the plaintiff's] complaint seeking Rule 60(d) relief." Brown v. S.E.C., 644 F. App'x 957, 959 (11th Cir. 2016). West's allegations are not meaningfully different that the allegations found insufficient in Brown. His claims under Rule 60(d), like Brown's, are, therefore, "properly dismissed." Id.

In summary, West's claims in this case are a transparent attempt to relitigate issues that have been addressed multiple times. Moreover, even if the Court ignored the preclusion, his expanded allegations only confirm that he does not allege a grave

miscarriage of justice, sufficient to support an independent action under Rule 60(d)(3).

As such, this case is properly **DISMISSED**.  28 U.S.C. § 1915A(b)(1).  The Clerk is

**DIRECTED** to **CLOSE** this case.  The Magistrate Judge's Report and Recommendation

recommending that West's requests for injunctive relief be denied is **ADOPTED**.  (Doc.

no. 4.)  Plaintiff's requesting that relief is **DENIED**.  (Doc. no. 3.)

ORDER ENTERED at Augusta, Georgia, this 2nd day of May, 2023.

_____

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA